You can be seated. This is our second case of the morning. People of the State of Illinois v. José Miguel Nieto-Roman. And for the appellant, Mr. Richards, for the appellee, Mr. Manchin, you may proceed. Thank you, Your Honor. As you know, my name is Stephen Richards. I represent the appellant in this case, José Nieto-Roman, who pled guilty on a partial negotiated plea in the past 50 years. In the sentence of 50 years, within 30 days, he moved to withdraw his plea. Now, the first issue I think Your Honors have to confront is what is the standard for moving to withdraw a plea within 30 days. The State has cited one case from a while ago where one judge said that you would need more than a doubt of guilt to make a guilty plea. However, that case is, we believe, an outlier. It's contradicted by every other case that decided the issue. The standard has always been stated that if you have neither a plea of apprehension or a federal act of the law, or a defendant for immediate consideration, or a doubt of guilt, and the ends of justice will be served by vacating the plea, the plea may be vacated. And I think that standard makes sense because we're talking about somebody who moves to vacate their plea within 30 days. We're not talking about a post-conviction petition. We're not talking about second thoughts years later. We're talking about a statutory right to vacate the plea within 30 days. Now, the case law on this issue is, I think, and I think the State and the Court agree, is sparse. There are, in many cases, which go into detail as to what it means to have a defense warrant for a petition, what it means that there's a doubt of guilt, and the ends of justice will be served. I think the reason may be is that some pleas are vacated at the trial level, and they never come to the appellate court because the plea is vacated and nobody appeals, and that's the end of the story. In my own practice over the years, I've seen that. Some judges are more easy on vacating the pleas than others. But there does have to be a standard and there does have to be a definition. And it's the position of the defense in this case that a defense worthy of consideration, a doubt is to guilt, and the ends of justice are all much lesser standards than reasonable doubt. That, therefore, in a case where a defendant, as here, goes within 30 days, goes to a hearing, and presents evidence which would support a doubt is to guilt, a defense worthy of consideration, the plea should be vacated. In this particular case, Mr. Nieto Roman did testify to an exculpatory account of events. It might or might not have been believed by a jury, and the jury might have a reasonable doubt or not. That's not the question. Do the most recent Supreme Court cases support your position on this issue? They do. They do? Well, which cases? Well, the most recent Supreme Court case... You looked at Jamison and Hildebrand. Jamison and Hildebrand both state the standard I've cited. They both have a four-part test that says either there's a reasonable misapprehension or a doubt of guilt or defense worthy of consideration, and in the interest of justice. The test is always stated word for word the same in every case except for one outlier, which says, In what setting? The case which the state cited as an outlier is... People v. Carlson, which was decided in 1989. So none of these cases are very recent, but I will say the case of Carlson, I'm blanking on the name of the judge who decided that, but he was Judge Heigl, who was a very fine judge but often had views which were not always in the mainstream, sometimes a little further out. And Carlson is contradicted by People v. Feldman, which is 2011 from the 5th District, People v. Corporalis from the 2nd District, and the old Supreme Court cases which were just mentioned, Hildebrand is also to the contrary. Every other case uses the same language, which is... Hildebrand is to the contrary of what? To the contrary of... It's the contrary of People v. Carlson. Now, and in terms of how the standard is stated, now, a lot of these cases, including Hildebrand, the claim is rejected for different reasons. But since basically the 1950s, whenever this court has stated the test for vacating the plea, it's always been the same test, they use the exact same words. It's never varied, there's never been any question about this at all. I think as a matter of doctrine, that is the test. Again, with the sole exception of People v. Carlson, which has a discussion, basically saying it's really a shame that people can vacate their pleas because they think they're innocent within 30 days. I think that the trial court does have discretion to vacate a plea within 30 days if there is a claim of innocence either by defense or reconsideration, or a doubt as to the ultimate interest of justice, and would suggest vacating the plea. So I think that is the first question that this court should consider, and it's not a small question, and it has applications far beyond this case. The prosecution, or the half plea, argues for a stronger, something stronger than merely a doubt. But they don't say what the something stronger is. I think a doubt means a doubt. It doesn't have to be a reasonable doubt, it has to be a doubt. And it depends on the consideration. In this case, as you can see from the hearing, there was a context. Mr. Nieto-Roman has his account. Amber Flores had a different account. Edgar Nieto-Roman, José Nieto-Roman's brother, supported his account by saying that Amber had made a confession a little bit later when she was at a concert with Edgar. So there was a lie at issue. It wasn't exact. It wasn't, as has been the case in some instances, where a defendant just comes in and says, I'm innocent. This was more than that. He had a detailed account of why he thought he was innocent, that Amber had done it rather than he had done it, and that was worthy of consideration by a jury, given the fact that he had moved to vacate the plea within 30 days. The other issue was whether there was ineffective assistance, because there could have been a good motion suppressed on one of his statements. This was the statement made in the ambulance when he was under oxygen, after he had decased and after he stabbed himself twice. We think there's a reasonable motion suppressed, which could have been, but was not, filed by the defense attorney. Your Honors, I realize that I do have more time, and I'm also open to more questions, but I think this is the case in a nutshell, and Your Honors should reverse the circuit court  and demand for trial where a Roman can go to trial and hopefully establish his innocence. If he doesn't, he doesn't. But I've always asked before at this point to vacate the plea for a trial on the case. I see no question. Joe, I still have time on rebuttal. Thank you. Thank you. Thank you. Your Honors, with this court counsel, in this case the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. The claim that the defendant had a defense worthy, the trial court made a credibility determination saying, I simply do not believe the defendant's evidence. That right there in itself is sufficient to support the judge's charge of the decision, because it does boil down to credibility. The defendant says all he has to do is come in and raise a claim or a doubt of guilt, and it's an automatic withdrawal plea, and I submit that that should not and cannot be the case. In Creeper v. Carson, which is cited in the brief, a case that has never been overturned, never been questioned, never been anything, the express consent, a freestanding claim of a doubt of guilt, standing alone, is not sufficient basis to withdraw a plea. Every other case, and there's never been a case that I have found where a defendant is allowed to withdraw his plea simply because he comes in later afterwards and says, I'm actually innocent. Every other case links the... How about the language, he has a defense to the charge which is worthy of consideration? Are you saying that's not the law? What the cases say is that they have it in a, usually in dicta, where they set out the standard for withdrawing a plea where there's a defendant makes a claim. I'm trying to remember the exact phraseology. They have four different things. They always list together. They're always listed together as grounds for withdrawing a plea, and there's never been a case where they have said that just because you claim your innocence, you get withdrawing a plea. What we have here is a defendant who files a motion to withdraw his plea based on a claim acted as evidence. This was his fourth, I believe,  or motion to reconsider his sentence. This was also after the third attorney makes his appearance, and he makes his claim about partying with this lady and not going to get along, but his own attorney at the time of the plea files an affidavit and says, the defendant never told me any of the information that was included in his affidavit in support of his claim of actual innocence. The defendant's first motion to withdraw the plea or challenging the sentence back in March, I think it was 2015, I believe it was, said, I have withheld valuable information and names of witnesses from my attorney and therefore have ineffective assistance of counsel to determine what I plead. So, trial court really had good reason to look at the defendant's claim that he was innocent with a great deal of skepticism because this is the first time in all his post-plea proceedings where he claims actual innocence and where it appears from everything that the defendant's complaint really is not that he's actually innocent, but that he's upset at the sentence he received. This was a fully negotiated plea. The state agreed to not seek life sentence and to put a sentencing cap of 50 years. That is a fully negotiated plea, not a partially negotiated plea as counsel referred to it today. The defendant had an express agreement limiting the sentence he could get. Under those circumstances, he cannot withdraw his plea. He's stuck by it. So to try to get around this fact that he's stuck by it, he's now raising a defense that he knew at the time of his plea where, and I think the case of Feldman which is cited in my brief, it's 409 Illinois 3rd, 1124 at the site, is very telling as far as a standard for showing what he had to show to withdraw a plea based on a claim of actual innocence. In Feldman, the defendant had entered a guilty plea to possessing a drug without a prescription. He files a motion to withdraw the plea purporting to the statute that, yes, I in fact had the prescription. And the court there simply said, no, you're bound by your admission of guilt and you cannot contravene that with this evidence that you say you had at the time of the plea, that you shook the dice and took the deal to avoid the life term. Now that you've got a sentence that you don't like, you can't go back and redo it. And I think that's exactly what the situation here is that the defendant simply does not like the sentence he got. So he came up with this claim of actual innocence and fabricated it in his fourth motion to withdraw his plea or challenge his sentence as information never provided to his original attorney. So the saying that the trial court should have allowed him to withdraw his plea on that basis, the trial court's decision was not contrary. It was not about abuse of discretion. With respect to the claim of suppression, the trial court may be finding, which is not challenged on appeal, that there was no basis to suppress the statement. So since the trial court found that there was no basis to suppress, counsel cannot have been ineffective for not seeking suppression, especially when you get back to the fact that counsel was never told any of this information that the defense claims makes his confession involuntary, namely the fact that he was drinking and doing cocaine the entire night before. That, he never told his attorney. So how can an attorney not given that information be ineffective for not seeking suppression? Then we get to the problem that while the defendant has made claims that counsel was ineffective for not challenging his statement in the ambulance, the defendant made no claim of presence in his motion to withdraw. He made no claim that he would have sought, that he would have pled guilty if his initial statement was suppressed. But his second confession, or second statement, which was identical to the first, was not suppressed. There was nothing in there to say that the defendant would have or would have pled guilty, would not have pled guilty had the motion been filed and had it succeeded, because even without that first statement, he's got his second statement that's virtually identical that is not subject to suppression, plus going to trial with subject him to a life sentence, which he entered into a plea agreement to avoid. So the defendant simply cannot show any prejudice from counsel's alleged ineffectiveness and not challenge that one statement to the police. So I submit that the trial court's decision on the motion to withdraw the plea was correct, that not only does a freestanding claim of absence should not be available, but even if it is available, the trial court, in the circumstances of this case, was correct in deciding, no, that is not enough. You have to have more than simply a claim coming back. This is the evidence I could have presented in the trial. I decided to plead guilty instead. That is simply not enough. If that is the standard, every single guilty plea ever entered can be withdrawn by a defendant by coming in and saying, hey, this is the defendant I wanted to present, but I didn't. And I submit that that is not the case. Counsel? Yes, sir. I asked Mr. Richards if people v. Jameson and people v. Hillenbrand state or otherwise hold that a defendant may withdraw a plea if the defendant has a defense to the charge which is worthy of consideration. He said yes, those cases say that. Do you agree with that? I'm doing this. In Hillenbrand, we'll try to see. In Hillenbrand, there was a claim, got a death penalty and claimed ineffective assistance of counsel because his attorney had a misapprehension of the law. And in Hillenbrand, the court set the standard for withdrawing a plea where the defendant has a misapprehension of the law and a defense worthy of consideration so that it was tied into the misapprehension of the law, not simply that it is a misapprehension of the law in and of itself would be sufficient. That's my recollection of how Hillenbrand phrased it. And in Hillenbrand, the court ultimately determined that the attorney was not ineffective in not pursuing an intoxication offense that was not likely to succeed and that it was a good, sound strategy to not possess the defense in favor of the plea. That's Jamison. I believe that was Hillenbrand. In Jamison, the defendant claimed a misapprehension of the law regarding eligibility for death penalty in an aggravated high-definition case. And they said, again, that misapprehension. Again, they tied the language studied on page 29 of the defense brief is what the courts usually have. They have a strange site of the defendant. To withdraw a plea, the defendant must establish a guilty plea attributed to misapprehension, defense worthy of consideration, and ends of justice. So it's all tied together. Neither Hillenbrand nor Jamison specifically states that a freestanding claim of ineffective innocence is enough. And as I cite in several of my cases, particularly Feldman, that you need more than just a doubt or a claim. It has to be a substantial claim. This Feldman-Nichols-Corporellis sort of case that I cited on my first few pages, 47. And in People v. I believe it was People v. Society of the Aggrieved, People v. Love Aggrieved, one of them said that a defendant's mere claim of innocence after, no, it was People v. Young, 2019 Illinois Court, 3rd, 160528, a bare post-plea denial of guilt does not entitle a defendant to guilt. The result of such rule would entitle a defendant to withdraw, effectively, a bestow upon a defendant absolute right to withdraw any plea. And I think that that is exactly what the defendant's argument here is seeking. That the defendant comes and says, I'm innocent, no matter how bogus or how incredible or how ridiculous his statement is, he's entitled to get a new trial. And I think it has to be more than just by coming in and saying, I'm innocent. This is the information I knew at the time I entered the plea. Based on that information, I should have gone to trial rather than taking the plea. So let me withdraw the plea. That is essentially what the defendant's saying here. I don't like the sentence, let me get out of it by withdrawing the plea so I can present this defense. Which I never told my inmate to withdraw the plea. So I submitted the trial court's denial of defense motion to the prose. That's correct. Anyone have further questions? I see none. Thank you. You both? Well, Your Honor, this was not dealt with in the brief, but it is an accountable record. When this first claim was made, the State Appellate Prosecutor below originally filed a motion to strike an innocence claim, claiming what it's claiming now, that a freestanding claim of innocence could not be put in a loan without a misdraft bridge for the facts of the law, resulting in the withdrawal of the plea. And I had discussions with the Appellate Prosecutor at the time, and I think one thing he may have said in the motion, I can't exact, is that it has to be newly discovered evidence, as it would have to be on a 2-14-1 or post-conviction petition. However, he withdrew that pleading and eventually filed an answer to both the claims, both the ineffective claim and to the innocence claim. So that was something that was at least toyed with below. Just to get the names of the cases straight, the standard is first stated in Peeble v. Morreale, which is a 1952 case. And I think one of the things the State Appellate Prosecutor said in the plea below when he was originally attacking this idea that there could be a freestanding claim of innocence was that, well, in Morreale, even though the Supreme Court case is a very old case, and there's been a lot of development since then, and different standards, the effective system, counsel, and so forth. But our position is, and I think cases of Jacobson, which is 2001, Bilderbrand, and Morreale would bear it out, is that the language of the three wars, of the three different alternatives in terms of them getting a plea, is the law. Now, is it dicta in the sense that there's no cases which apply to a claim, to grant a claim of innocence? Yes, sure. But there's also cases, for example, there are cases where it's clear, such as the Feldman case, where the court is not considering any disapprehension of actual law and really deals just with the facts of the claim of innocence. For example, in Feldman, the court dealt with it in detail, and they said the problem is your claim of innocence is based upon a prescription you produced, which is not tied to the felons. So, you know, you don't have anything going here. I would also agree, under People v. Young, that a fair claim or denial saying, oh, I'm innocent, is not going to cut it. That can cut it a try, obviously, because the state has to prove it beyond reasonable doubt. But if you want to get your plea vacated, you better come up with something more. Mr. Nietzsche-Roman did come up with something more. He came with his own testimony. He came with testimony of his brother. There's also testimony from Ms. Floyd when she was impeached on a number of points. So if you look at the whole evidence together, there is a defense worthy of consideration. There is a doubt as to guilt. The plea should be withdrawn. Thank you. Let me just follow up on that point, if I have time. Yes. What about the issue of credibility in the court's determination with regard to the defense credibility in that regard? Well, Your Honor, we don't have any case law on that either. I would suggest that the standard is not who we believe necessarily, but, again, defense worthy of consideration means worthy. I mean, it means that you present something that a trier of fact, maybe not this judge, but some trier of fact, would find worthy of consideration and there could be a doubt of guilt. I think that's the standard. So, again, it's a new question, but I don't believe that his credibility determination standing alone is the reason to withdraw the plea. Obviously, there could be a reason in every case. But one reason, of course, we found Mr. DeAndre Roman incredible was that Mr. DeAndre Roman had pled guilty. But, of course, that's always the case in most of the trials. I don't know if that's sort of like a circular argument. But we believe DeAndre Roman presented enough evidence of a defense worthy of consideration to establish doubt of guilt, and, therefore, the plea should be withdrawn. If there are further questions, thank you. Thank you, counsel. We'll take the matter under review.